**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| TEQUILA BROWN, | |
|     PLAINTIFF, | |
| | |
| v. | Case No. 3:14-cv-631 |
| | |
| SEAS & ASSOCIATES, LLC, | |
|     DEFENDANT | |

## INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Tequila Brown, an individual consumer, against Defendant Seas & Associates, LLC for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter "TCPA"), which prohibits the dialing of consumers' cell phones by automatic means or with pre-recorded messages without the express prior consent of the consumer.

## PARTIES

2. Plaintiff Tequila Brown (hereinafter "Plaintiff") is a natural person and a citizen of the United States of America who presently resides in Dallas County, Texas.

3. Defendant, Seas & Associates (hereinafter "Defendant") is a debt collection agency and company engaged in the business of collecting debt in this state with its principal place of business located in Sheridan, Arkansas.

4. Defendant conducts its business via interstate commerce and specifically places calls or causes calls to be placed to Dallas County, Texas.

5. Defendant can be served via its registered agent, Craig Lair, at 120 E. Fourth Street, Little Rock, AR  72201.

6. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

7. Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1337.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.

9. Because Defendant transacts business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

10. In August 2013, Plaintiff obtained a cell phone and was assigned telephone number XXX-XXX-4481. This is a telephone number assigned to a cellular telephone service as described in 47 U.S.C. § 227(b)(1)(A)(iii).

11. In August 2013, Defendant began calling Plaintiff at the above-listed cellular telephone number and continues to do so to this day. When the calls were/are answered, an artificial or pre-recorded voice provided/provides a message requesting that a "Mark Lundy" return a call to 866-277-2933.

12. After answering a small number of the calls, Plaintiff called back to the number in the pre-recorded message and informed Defendant that Mark Lundy was no longer the carrier of the phone assigned XXX-XXX-4481.

13. According to Defendant's website (www.seasandassociates.com/contact.html), the number in the artificial or pre-recorded voice message is the number used by Defendant.

14. Despite Plaintiff's actions described in paragraph 11 above, Plaintiff has received approximately 100 calls from Defendant in which an artificial or pre-recorded message was used.

15. The calls placed to Plaintiff by Defendant using a pre-recorded message were not made for emergency purposes.

16. The calls placed to Plaintiff by Defendant using a pre-recorded message were not made with the prior express consent of the called party.

17. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the illegal manner in which Defendant continued to call Plaintiff's phone number or cause her phone number to be called.

18. Plaintiff suffered actual damages as a result of the illegal communication(s) by Defendant in the form of emotional distress, and upset, amongst other negative emotions.

19. Defendant's illegal communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

20. Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the TCPA including each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq. with respect to Plaintiff.

22. As a result of the foregoing violations of the TCPA, Defendant is liable to Plaintiff, for actual damages pursuant to 47 U.S.C. § 227(b)(3)(B), statutory damages in an amount of

no less than $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B), and treble damages pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

23. Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Congress explicitly recognized a consumer's inherent right to privacy in so far as receiving certain telephone communications in passing the Telephone Consumer Protection Act, when it stated as part of its findings:

> In implementing the requirements of this subsection, the Commission may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe such classes or categories of calls made for commercial purposes as the Commission determines **will not adversely affect the privacy rights that this section is intended to protect[.]**

> 47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

25. By enacting the TCPA, Congress sought to protect the privacy interests of telephone subscribers and consumers, such as Plaintiff, and to place restrictions on unconsented telephone calls, made both with and without the usage of an automatic telephone dialing machine, that are not for emergency purposes and that are placed to individuals' cell phones for commercial purposes, by imposing obligations upon companies, such as Defendant, not to place any calls to a consumer's cell phone without the consumer's prior express consent.

26. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by

unlawfully continuing to contact her on her cell phone without invitation and/or her express consent, or it being for emergency purposes.

27. Defendant and/or its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in its continued and unrelenting campaign of prerecorded and unsolicited messages being directed at Plaintiff's phone, which amounted to conduct to intentionally and maliciously harass, inconvenience, bother, frustrate, agitate, aggravate, and annoy Plaintiff, thereby invading and intruding upon Plaintiff's right to privacy.

28. Upon information and belief, Defendant and its agents had knowledge of the TCPA and what is lawful action thereunder prior to calling Plaintiff, yet Defendant continued to contact her in an illegal manner.

29. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

30. The conduct of Defendant and its agents, in engaging in the above-described illegal conduct against Plaintiff, resulted in an intrusion and invasion of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

31. All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

32. As a result of such an intrusion and invasion of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

1. Pursuant to 47 U.S.C. § 227(b)(3)(B), the greater of:

    a. Statutory damages from Defendant of $500 per violation; or

    b. Actual damages from Defendant for the emotional distress Plaintiff suffered as a result of both the intentional and/or negligent TCPA violations, and the invasion of Plaintiff's privacy by intrusion upon seclusion, such amounts to be determined at trial.

2. Trebled statutory damages from Defendant pursuant to 47 U.S.C. § 227(b)(3).

3. Punitive damages.

4. For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

        Respectfully submitted,

        /s/ Jeffrey D. Wood
        Jeffrey D. Wood, Esq.
        ArkBN: 2006164
        The Wood Firm, PLLC
        103 N. Goliad, Suite 204
        Rockwall, TX  75087
        TEL:  682-651-7599
        FAX:  888-598-9022
        EMAIL:  jeff@mmlaw.pro
        *Attorney for Plaintiff*